O



FILED
CLERK, U.S. DISTRICT COURT

SEP 2 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARTHUR VAN SWAIT,<br><br>                    Petitioner,<br><br>          v.<br><br>M.S. EVANS,<br><br>                    Respondent. | Case No. CV 08-5821 ABC (AN)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER ARTHUR VAN SWAIT TO CEASE AND DESIST FROM FILING REPETITIVE AND FRIVOLOUS HABEAS PETITIONS |

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that Arthur Van Swait, a state prisoner proceeding *pro se*, filed with this Court on September 5, 2008.   The Court has reviewed the petition pursuant to its duty to screen petitions prior to service and finds it is substantively similar to the four petitions that Van Swait recently filed in July, 2008, all of which were summarily dismissed pursuant to the Court's Order dated August 27, 2008, a copy of which is attached to this Order as Exhibit A.

Like the four petition filed in July, the pending petition does not raise any claims directed at Van Swait's current state custody arising from his 2002 conviction for carjacking, robbery and unlawful taking of a vehicle ("2002 Conviction"). Instead, Van Swait is once again using the petition as a vehicle to bring a Rule 60(b)(6) motion that

1 | is directed at two of the Magistrate Judge's orders that were issued in connection with
2 | Van Swait's habeas petition filed in CV 05-1732 ABC AN ("2005 Action"), which was
3 | dismissed on June 9, 2006. (*See* 8/27/08 Order at 2:3-3:3.)  Consequently, the pending
4 | petition is subject to summary dismissal because it is not directed at Van Swait's state
5 | custody arising from his 2002 Conviction. (*See* 8/28/08 Order at 5:20-6:4.)
6 | Alternatively, even if the Court could consider the attached Rule 60(b)(6) motion, or
7 | even assuming that Van Swait had filed the attached Rule 60(b)(6) motion as a post-
8 | judgment motion in the 2005 Action, the Court finds the motion is untimely and fails to
9 | show extraordinary circumstances warranting relief to prevent a manifest injustice. (See
10 | 8/28/08 Order at 6:5-7:25.)

11 | Based upon the foregoing, the petition is summarily dismissed.

12 | Further, Van Swait is further ordered to cease and desist from filing further habeas
13 | petitions for the purpose of bringing repetitive and frivolous Rule 60(b) motions directed
14 | at orders relating to the 2005 Action.  As the Supreme Court has recognized, "[e]very
15 | paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires
16 | some portion of the institution's limited resources. A part of the Court's responsibility is to
17 | see that these resources are allocated in a way that promotes the interests of justice." *Day*
18 | *v. Day,* 510 U.S. 1, 2, 114 S.Ct. 4, 5, 126 L.Ed.2d 1 (1993), citing *In re McDonald,* 489 U.S.
19 | 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989) (*per curiam*).  "The goal of fairly
20 | dispensing justice . . . is compromised when the Court is forced to devote its limited
21 | resources to the processing of repetitious and frivolous requests." *Whitaker v. Superior*
22 | *Court of San Francisco,* 514 U.S. 208, 210, 115 S.Ct. 1446, 1447, 131 L.Ed.2d 324 (1995),
23 | citing *In re Whitaker,* 513 U.S. 1, 2, 115 S.Ct. 2, 3, 130 L.Ed.2d 1 (1994).  Van Swait's
24 | repetitive, duplicate filings misuse the Court's limited resources, compromise the goal of
25 | fairly dispensing justice, and abuse the judicial process.  Consequently, in addition to
26 | being ordered to cease and desist from filing habeas petitions to bring Rule 60(b)
27 | motions directed at orders relating to the 2005 Action, Van Swait is warned that the next
28 | repetitive or duplicate petition, application, motion, or request for federal habeas relief

1  will be denied and dismissed with prejudice as a vexatious and frivolous petition that

2  was filed in disobedience of this Court Order. Further, Van Swait is notified and warned

3  that he shall be declared a vexatious litigant and will be barred from filing similar

4  habeas petitions without the prior approval of the assigned Magistrate Judge. No further

5  notice will be given.

6       For the reasons discussed above, the reference to the Magistrate Judge is vacated

7  and the petition is summarily dismissed. Petitioner's request for an evidentiary hearing,

8  and any other pending applications, motions, and requests, are denied as moot.

9

10       IT IS SO ORDERED.

11

12

13  Dated: September 19, 2008

                _____

14                        AUDREY B. COLLINS
                  UNITED STATES DISTRICT JUDGE

15

16

17  Presented by:

18

19      _____/s/ Arthur Nakazato_____
        Arthur Nakazato

20  United States Magistrate Judge

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

WESTERN DIVISION

ARTHUR VAN SWAIT,

12    Petitioner,

13    v.

14

15    M.S. EVANS,

16    Respondent.

17

| | |
|---|---|
| ARTHUR VAN SWAIT, Petitioner, v. M.S. EVANS, Respondent. | Case No. CV 08-04478 ABC (AN)<br>Case No. CV 08-04603 ABC (AN)<br>Case No. CV 08-04846 ABC (AN)<br>Case No. CV 08-04982 ABC (AN)<br><br>ORDER SUMMARILY DISMISSING FOUR PETITIONS FOR WRIT OF HABEAS CORPUS FILED BY PETITIONER ARTHUR VAN SWAIT |

18         Before the Court are four petitions for writs of habeas corpus that Arthur Van

19    Swait, a state prisoner proceeding *pro se*, filed with this Court in July 2008.  The Court

20    has reviewed the petitions pursuant to its duty to screen petitions prior to service and

21    finds the petitions are very similar.  Accordingly, in the interests of justice and judicial

22    economy, the Court will consider the petitions together. Further, for the reasons

23    discussed below, the petitions are summarily dismissed.

24                                           **I.  Background**

25    **A.      Prior § 2254 petitions**

26         Van Swait is currently in state custody pursuant to a criminal conviction and

27    related twenty-four year prison sentence for carjacking, robbery, and the unlawful taking

28    of a vehicle that he sustained in 2002 following a jury trial in the Superior Court for Los

1   Angeles County in case no. SA044542 ("2002 Conviction"). He has previously filed two

2   § 2254 habeas petitions with this Court in connection with his 2002 Conviction.

3   **1.   2005 Action**

4   The initial petition was filed on March 9, 2005. (CV 05-1732 ABC (AN) ("2005

5   Action").)   However, the Court's pre-service review disclosed the initial petition was

6   subject to dismissal because, among other things, it was a mixed petition that also raised

7   several non-cognizable claims, and had attachments that were malodorous, filthy and

8   unsafe to handle without surgical gloves.   (2005 Action, 5/18/05 Order at 2-3 (docket

9   no. 12).)   Accordingly, Van Swait was granted leave to file a first amended petition to

10  cure the defects. (*Id.*)   Van Swait eventually filed a first amended petition (docket no.

11  53) that raised five claims, however, a pre-service review disclosed the first amended

12  petition was also subject to summary dismissal as a mixed petition because the first,

13  second and fifth claims were unexhausted.   (*Id.*, 1/13/06 Memorandum and Order

14  ("1/13/06 Order") (docket no. 66).)   Accordingly, Van Swait was granted leave to file

15  a second amended petition in order to correct this defect. (*Id.*)   Van Swait, however,

16  failed to file a second amended petition in the time and manner directed by the 1/13/06

17  Order. Therefore, on June 9, 2006, the 2005 Action was dismissed without prejudice on

18  the ground that the first amended petition was a mixed petition. (*Id.*, 6/9/06

19  Memorandum and Order Dismissing Action Without Prejudice (docket no. 84); 6/9/06

20  Judgment (docket no. 85).   Van Swait appealed the judgment of dismissal but his

21  requests for certificates of appealability were denied by this Court and the United States

22  Court of Appeals for the Ninth Circuit, respectively. (*Id.*, 09/28/06 Order (ABC) (docket

23  no. 92); 5/14/07 Circuit Order (docket no. 105).)

24  During the 2005 Action, Van Swait also filed numerous motions, including the

25  following two motions that are relevant to the pending proceedings:  (1) a motion for

26  order directing the Attorney General to have a certified court stenographer transcribe an

27  audiotape ("motion for transcription") (docket no. 14) and (2) an "application for

28  suppression of illegally intercepted wire communication" ("suppression motion") (docket

2

1   no. 29).)  The Magistrate Judge denied both of these motions.  (*Id.*, 12/29/05 Order

2   denying motion for transcription (docket no. 51); 12/29/05 Order denying motion for

3   transcription (docket no. 44).)

4       **2.    2007 Action**

5       On September 5, 2007, Van Swait filed another § 2254 petition raising two claims

6   seeking relief from his state custody arising from his 2002 Conviction.  (CV 07-05766

7   ABC (AN) ("2007 Action").)  On November 21, 2007, the 2007 Action was dismissed

8   with prejudice because this Court found both claims were time-barred and, alternatively,

9   the claims lacked merit.  (*Id.*, Judgment (docket no. 14).)  Van Swait has appealed the

10  judgment dismissing the 2007 Action and the appeal is still pending. (*Id.*, 2/14/08 Ninth

11  Circuit Notice of Appeal Form (docket no. 28).)

12  **B.    Pending Proceedings**

13      In July 2008, Van Swait constructively filed the four pending § 2254 petitions

14  with this Court. (See CV 08-4478 ABC (AN) ("Petition A"); CV 08-04603 ABC (AN)

15  ("Petition B"); CV 08-04846 ABC (AN) ("Petition C"); and CV 08-04982 ABC (AN)

16  ("Petition D").   None of the four petitions raise any traditional federal habeas claims

17  directed at Van Swait's current state custody arising from his 2002 Conviction.  Instead,

18  all of the petitions are being used to bring post-judgment motions pursuant to Fed. R.

19  Civ. P. 60(b) ("Rule 60(b)") that are directed at the three orders issued by the Magistrate

20  Judge and the Court's order and related judgment of dismissal in the 2005 Action.

21  Specifically, the motions attached to Petitions A, B, and C, which are brought pursuant

22  to Rule 60(b)(6), are directed at the Magistrate Judge's following orders:   (1) the

23  12/29/05 Order denying motion for transcription, (2) the 12/29/05 Order denying

24  suppression motion, and (3) the 1/13/06 Order finding the first amended petition was

25  subject to dismissal as a mixed petition. (Petition A at 5, attached "Permission Requested

26  to File Fed. Rule Crim. (sic) Proc. Rule 60 (b)(6) Motion"at 5; Petition B, attached

27  "Permission Requested to File a Rule 60(b)(6) Motion, District Court M&O is Void

28  Judgment" at 5; and Petition C, attached "Permission Requested to File a Rule 60(b)(6)

1   Motion, District Court Orders (M&O #66) and (Suppression 1 Denied #51) are Both

2   Void Judgments" at 6, 34.)    The motion attached to Petition D, which is brought

3   pursuant to Rule 60(b)(4) & (6), challenges the Court's order and related judgment

4   dismissing the 2005 Action. (Petition D, attached "Permission Requested to File a Rule

5   60(b)(6) Motion, District Court M&O is Void Judgment" at 4-5, 26.)

6                                        **II. Discussion**

7   **A.      Standard of Review**

8          **1.      Habeas Rules**

9          "A discrete set of Rules governs federal habeas proceedings launched by state

10  prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[,

11  28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S.Ct.

12  2566, 2569 (2005).   The discrete Rules include Habeas Rule 2(c), which imposes a

13  "more demanding" pleading standard than the notice pleading used for complaints in

14  ordinary civil cases. *Felix*, 545 U.S. at 655.   Under Habeas Rule 2(c), a petition must

15  "specify all the grounds for relief available to the petitioner [and] state the facts

16  supporting each ground[;... and] the petition is expected to state facts that point to a real

17  possibility of constitutional error." *Id*.  Further, in *Felix*, the Supreme Court held:

18                 A prime purpose of [Habeas] Rule 2(c)'s demand that habeas petitioners

19                 plead with particularity is to assist the district court in determining whether

20                 the State should be ordered to "show cause why the writ should not be

21                 granted." § 2243.  Under Habeas [] Rule 4, if "it plainly appears from the

22                 petition ...that the petitioner is not entitled to relief in district court," the

23                 court must summarily dismiss the petition without ordering a responsive

24                 pleading.

25  *Id.* at 656.  Also, the Advisory Committee Notes to Habeas Rule 4 expressly provide that

26  "it is the duty of the court to screen out frivolous applications and eliminate the burden

27  that would be placed on the respondent by ordering an unnecessary answer," particularly

28  where the petition does not state facts "that point to a real possibility of constitutional

1 error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption).  Local Rule 72-3.2

2 of this Court also authorizes a magistrate judge to prepare proposed order for summary

3 dismissal and proposed judgment for district judge if it plainly appears from the face of

4 petition that petitioner is not entitled to relief.

5       **2.   § 2254**

6       Under 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death

7 Penalty Act ("AEDPA"), 110 Stat. 1214 (1996), this Court cannot entertain a state

8 prisoner's habeas petition unless the petition raises claims that challenge the prisoner's

9 state "custody pursuant to the judgment of a State court only on the ground that he is in

10 custody in violation of the Constitution or laws or treaties of the United States."

11 Moreover, federal habeas relief "shall not be granted with respect to any claim that was

12 adjudicated on the merits in State court proceedings unless the adjudication of the claim

13 -- (1) resulted in a decision that was contrary to, or involved an unreasonable application

14 of, clearly established Federal law, as determined by the Supreme Court of the United

15 States; or (2) resulted in a decision that was based on an unreasonable determination of

16 the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-

17 (2). The key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on

18 the merits in State court proceedings."

19 **B.   Analysis**

20       The Court finds all four of the pending petitions are subject to summary dismissal.

21 None of the petitions raise any cognizable habeas claims directed at seeking relief from

22 Van Swait's current state custody arising from his 2002 Conviction.[1]  Instead, as

23 discussed above, the four petitions are simply being used as vehicles to bring the

24 attached Rule 60(b) motions directed at this Court's orders and judgment in the 2005

25

26 _____

27 [1] Indeed, in the Rule 60(b) motion attached to Petition D, Van Swait even asserts "[t]his Rule 60(b)(6) motion challenges (only) the district court's failure to reach the merits of a claim raised in the District Court habeas proceeding,....[and] does not assert,

28 or reassert claims of error in the state conviction." (Petition D, Rule 60(b) motion at 5.)

1    Action.²/  Accordingly, the pending petitions are subject to summary dismissal because

2    the petitions are not directed at his state custody arising from his 2002 Conviction and

3    do not raise any habeas claims upon which relief may be granted from his state custody

4    pursuant to the state judgment of conviction.  § 2254(a), (d).

5         Further, even if the Court could consider the attached Rule 60(b) motions, or

6    alternatively assuming that Van Swait had filed the attached Rule 60(b) motions as post-

7    judgment motions in the 2005 Action, the Court finds the motions are untimely and fail

8    to show extraordinary circumstances warranting relief to prevent a manifest injustice.

9         A Rule 60(b)(4) or 60(b)(6) motion must be brought "within a reasonable time"

10   after a judgment is entered.  Rule 60(b)(4), (6).  "What constitutes a reasonable time

11   depends on the facts of each case," and should take into consideration the reasons for the

12   delay and whether the government was prejudiced by the delay.  *In re Pacific Far East*

13   *Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (citations omitted).  If timely brought,

14   relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances."

15   *Gonzalez*, 545 U.S. 524, 125 S.Ct. at 2650.  Rule 60(b)(6) is to be used "sparingly [and]

16   as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land &*

17   *Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  "Such circumstances will rarely

18   occur in the habeas context." *Gonzalez*, 125 S.Ct. at 2649.  To obtain such relief, "[t]he

19   party must demonstrate both injury and circumstances beyond his control that prevented

20   him from proceeding with the prosecution or defense of the action in a proper fashion."

21   *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

22        This Court entered its order and related judgment dismissing the 2005 Action on

23   _____

24        ²/  Although its not completely clear, it appears Van Swait may be using the
     petitions because he may be under the impression that he can no longer file a Rule
25   60(b)(6) motion in the 2005 Action because it is closed and the Ninth Circuit has already
     denied his request for a certificate of appealability.  It is clear Van Swait has not directed
26   the attached Rule 60(b) motions at the judgment in the 2007 Action because he clearly
     understands such motions would be subject to dismissal as successive petitions in light
27   of the Supreme Court's ruling in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641,
     2650, 162 L.Ed.2d 480 (2005), which he cites in the Rule 60(b) motion attached to one
28   of the four petitions. (*See* Petition D, Rule 60(b) motion at 24.)

June 13, 2006. (2005 Action, M&O dismissing action without prejudice (docket 84) and judgment (docket no. 85).)  Meanwhile, Van Swait has failed to proffer any legally valid explanation for his two-year delay in bringing a Rule 60(b)(6) motion.  To the contrary, the Court's records establish that, between June 15, 2006, and September 25, 2006, Van Swait submitted seven post-judgment filings in the 2005 Action.  On August 19, 2007 he also filed his petition in the 2007 Action and made numerous filings in that case until it was dismissed with prejudice on November 21, 2007.  Van Swait's post-judgment filings and submissions in the 2005 Action and his filings in the 2007 Action demonstrate Van Swait had the ability and means to file timely Rule 60(b)(6) motions in the 2005 Action, underscore Van Swait's lack of diligence, and negate his ability to demonstrate that circumstances beyond his control prevented him from bringing timely Rule 60(b) motions in the 2005 Action.  Therefore, the Court finds the attached Rule 60(b) motions are untimely. *See In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (two-year delay unreasonable); *Morse-Starrett Products Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953) (twenty-two months unreasonable when no explanation given for delay).  Further, the Court finds the Rule 60(b) motions do not demonstrate the existence of extraordinary circumstances, and that the motions also fail to show a manifest injustice will result if the Court does not reverse the aforementioned orders or vacate the judgment in the 2005 Action.  Indeed, as discussed above, the Ninth Circuit's denial of Van Swait's request for a certificate of appealability in the 2005 Action removes any doubt about the absence of extraordinary circumstances or manifest injustice warranting relief under Rule 60(b).

Accordingly, the Court finds that, whether the attached motions are brought pursuant to Rule 60(b) (4) or (6), and assuming they can even be properly considered given that they are not filed in the 2005 Action, the motions are untimely, lack merit, and are denied.

///

///

7

## III.  Conclusion

For the reasons discussed above, the reference to the Magistrate Judge is vacated in CV 08-04478 ABC (AN), CV 08-04603 ABC (AN), CV 08-04846 ABC (AN), and CV 08-04982 ABC (AN), and the petitions in these actions are summarily dismissed. The Clerk is directed to file a copy of this Order in each of the foregoing cases.  Any and all other pending applications, motions, and requests are terminated.

IT IS SO ORDERED.

Dated: August 27, 2008                                                 /s/ Audrey B. Collins
                                                                         AUDREY B. COLLINS
                                                              UNITED STATES DISTRICT JUDGE

Presented by:

        /s/ Arthur Nakazato
           Arthur Nakazato
United States Magistrate Judge

8